```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division

BOARD OF TRUSTEES OF THE PLUMBERS   )
AND PIPEFITTERS NATIONAL PENSION    )
FUND,                               )
                                    )
            Plaintiff,              )
                                    )
     v.                             )    1:06cv903
                                    )
BESSIE GENEVA SAXON, et al.,        )
                                    )
            Defendants.             )
                                    )
                                    )
```

**Memorandum Opinion**

Plaintiff Board of Trustees of the Plumbers and Pipefitters National Pension Fund ("Pension Fund") brings a Motion for Summary Judgment in this interpleader action which requests that the Court determine the rights of two claimants to the remaining pension benefits of decedent Paul Sprague. Because the Court finds that the Pension Fund's decision to award benefits to defendant Bessie Saxon was reasonable and not an abuse of discretion, that decision will be affirmed. Accordingly, this Court will grant the plaintiff's motion.

Background

Plaintiff Pension Fund is a defined benefit, multi-employer pension fund as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(2), (35), and (37) ("ERISA") that provides pension benefits to individuals who have retired from the plumbing and pipefitting industry throughout the

United States. Pension benefits are paid to participants and beneficiaries in accordance with the terms established in the Pension Fund's Plan of Benefits ("the Plan"), a document required for all ERISA plans.

When Paul Sprague retired in March 2004, he was entitled to receive pension benefits under the Plan in the amount of $445.00 per month for his lifetime. He received eighteen months of payments until his death in August 2005. Because he died before receiving a minimum of 60 months of pension benefit payments, the balance of forty-two payments was to be paid to his designated beneficiary under section 7.02 of the Plan.

Defendant Bessie Saxon, Paul Sprague's second wife, was his last designated beneficiary, who had been so designated in January 2004. Three payments were made to Saxon before co-defendant Virginia Sprague, Paul Sprague's first wife, wrote the Pension Fund alleging that according to the terms of a 1984 Property Separation Agreement, Paul Sprague was obligated to designate her as his beneficiary.[1] Virginia Sprague's letter also implied that Paul Sprague's signature on the Beneficiary Designation form might not be genuine. After receiving this correspondence, the Pension Fund began to withhold the remaining pension benefits pending the March 2006 meeting of the Pension

---

[1] Paul Sprague had changed his beneficiary at least three other times before his final change in beneficiary to Bessie Saxon.

2

Fund's trustees.

At that meeting, the trustees decided that more information was needed before they could determine the appropriate beneficiary. Accordingly, the trustees asked each claimant to submit specific information, particularly addressing the genuineness of Paul Sprague's signature on the designated beneficiary form; whether the 1984 Property Separation Agreement should be qualified as a domestic relations order; and whether the Property Separation Agreement should have any effect on the manner in which the pension benefits should be paid.

Virginia Sprague neither responded to these questions nor provided any additional information to the trustees. Bessie Saxon submitted a detailed letter, outlining the circumstances of the change in beneficiary designation, addressing the genuineness of Paul Sprague's signature, and elaborating on the recent history of Sprague's health and her care for him.

In June 2006, after considering the information submitted by Bessie Saxon and the plain language of section 7.02 of the Plan, the trustees decided to award the pension benefits to Bessie Saxon because she was Paul Sprague's designated beneficiary at the time of his death. The two claimants were notified of this final determination and were advised that an interpleader suit would be filed if no agreement was reached between them as to the funds. No agreement was communicated to the Pension Fund, which

filed this interpleader action. Both Virginia Sprague and Saxon filed <u>pro</u> <u>se</u> answers. Before the Court is the Pension Fund's Motion for Summary Judgment, which was filed December 5, 2006. Although both defendants were provided with <u>Roseboro</u> notices, neither has filed a timely response to the Motion for Summary Judgment and neither appeared for oral argument.[2]

## Analysis

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1985). In ruling on a motion for summary judgment, a court should believe the evidence of the nonmovant, and draw all justifiable inferences in her favor. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 255 (1986).

The primary issue in this Motion for Summary Judgment is whether the Pension Fund's decision to award the remaining pension funds to Bessie Saxon was a reasonable interpretation of the Plan language. The Plan specifically vests the Pension Fund with discretionary authority to determine eligibility for the benefits offered under the Plan. In such circumstances, where the terms of an employee benefit plan provide discretionary authority

---

[2] Defendant Virginia Sprague submitted an affidavit from herself on January 4, 2007, the day before the hearing on the motion. The affidavit merely restated her previous allegations made to the Pension Fund, providing no additional support for her assertions.

to the fiduciary to determine a claimant's entitlement to benefits or to construe the terms of the plan, the fiduciary's decision must be granted deference and should be overturned only where the decision is an abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989); Doe v. Group Hospitalization & Medical Serv.'s, 3 F.3d 80, 85 (4th Cir. 1993).[3] A fiduciary's decision will not be disturbed if it is reasonable, even if the court itself would have reached a different conclusion. Booth v. Wal-Mart Stores, Inc. Assocs. Health and Welfare Plan, 201 F.3d 335, 341 (4th Cir. 2000). When a district court reviews a decision under the deferential standard, the district court is limited to the evidence that was before the trustees at the time of their decision. Id. at 339.

On the uncontested record established in this action, the Court finds that it was not an abuse of discretion for the Pension Fund to award the pension benefits to Bessie Saxon, who was Paul Sprague's designated Primary Beneficiary at his death. No evidence has been submitted that even suggests that his signature was not valid, and, in fact, evidence has been submitted to the contrary. Moreover, Virginia Sprague entirely failed to provide any details to support her claim after having been asked to do so; nor has she submitted any support for her

---

[3] There is no conflict of interest here, since the Pension Fund is willing to make the pension payments to either of the two claimants. Thus, the abuse of discretion standard is appropriate.

claim to the benefits other than her initial and late-repeated assertions regarding her 1984 Property Separation Agreement and a copy of that agreement.[4]

Virginia Sprague has never explained why a twenty-year-old property settlement agreement should affect the distribution of the pension. Although ERISA does provide that a pension fund must pay benefits in accordance with applicable requirements of certain "domestic relations orders," the requirements for that to occur are clear and have not been met here. Specifically, the Property Separation Agreement provision here is extremely vague. For example, it fails to identify the relevant pension funds, and does not specifically require the Pension Fund to do anything or pay any benefits.[5] On this record, the Pension Fund is not bound by such an agreement, particularly in the absence of supporting evidence to the contrary.

---

[4] In her affidavit, Virginia Sprague referred to a "Marital Settlement Agreement." The administrative record includes a copy of a "Property Separation Agreement." Virginia Sprague's letter to the Pension Fund disputing the payments to Bessie Saxon did so on the grounds of the Property Separation Agreement. Without any further supporting evidence, the Court presumes that Virginia Sprague's affidavit mistakenly identified the document at issue.

[5] The relevant provision provides: "The parties hereby acknowledge that the Husband has two pension plans pertaining to union pensions. In that regard, the Husband hereby agrees to keep the Wife listed as a beneficiary on the plan and to execute any documents and perform any action necessary to insure that the Wife shall be and continue to be named beneficiary under said plan whether it relates to early retirement or death benefits or any other benefits associated therewith."

Because Virginia Sprague has presented no additional evidence that would create a dispute of material fact, and the Pension Fund clearly did not abuse its discretion in awarding the benefits to Bessie Saxon, the Motion for Summary Judgment will be granted and the Pension Fund will be directed to pay all of Paul Sprague's remaining benefits to Bessie Saxon.

<u>Request for Fees</u>

The Pension Fund also seeks reimbursement for the $1,300 in attorneys' fees and costs it expended on this litigation. A district court has the discretionary authority to award attorneys' fees and costs to a plaintiff in an interpleader action. 7 C. Wright and A. Miller, <u>Federal Practice and Procedure</u>, § 1719 at 476-488 (1st ed. 1972); 3A, <u>Moore's Federal Practice</u>, § 22.16(2) and 22-166 to 22-177 (2nd ed. 1982); <u>see also</u> <u>Trustees of the Directors Guild of America—Producer Pension Benefits Plans v. Tise</u>, 234 F.3d 415, 426-28 (9th Cir. 2000); <u>Septembertide Pub., B.V. v. Stein & Day, Inc.</u>, 884 F.2d 675, 683 (2nd Cir. 1989); <u>Primerica Life Ins. Co. v. Walden</u>, 170 F. Supp. 2d 1195, 1199 (S.D. Ala. 2001); <u>Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co</u>., 537 F. Supp. 1147, 1150 (M.D. Ga. 1982). An award of fees and costs is also authorized by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1) (an award of fees to any party in an ERISA action may be allowed).

Although Virginia Sprague is <u>pro se</u>, the Court finds that

7

she should reimburse the Pension Fund for its attorneys' fees and costs, which were reasonable. This litigation was caused by Virginia Sprague's initial objection to how the benefits were distributed. After that initial objection, however, she took no action to support her claims to the trustees, and filed merely a <u>pro forma</u> answer to the interpleader action and an affidavit restating her initial assertions. She unnecessarily forced the Pension Fund to bring this litigation and should therefore bear the costs. For these reasons, the request for attorneys' fees and costs will be granted.

<u>Conclusion</u>

For the reasons stated above, the Motion for Summary Judgment and request for attorneys' fees and costs will be GRANTED.

A separate order consistent with this opinion will be entered.

Entered this 5th day of January, 2007.

                                              /s/
                                    Leonie M. Brinkema
                                    United States District Judge

Alexandria, Virginia